IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Busby, #45926, | ) |
| | ) CIVIL ACTION NO. 9:08-3374-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Curtis Bufford, individual and official capacity, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

| | |
|---|---|
| Eric Anthony Brown, #74342, | ) |
| | ) CIVIL ACTION NO. 9:08-3473-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lt. Curtis Bufford and Officer Kevin Williams, in their official and individual capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

| | |
|---|---|
| Wilbert D. Guider, #110461, | ) |
| | ) CIVIL ACTION NO. 9:08-3474-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Kevin Williams and Curtis Bufford, individual and official capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |



| | |
|---|---|
| Donald Le'Shaun Parker, #58761, | ) |
| | ) CIVIL ACTION NO. 9:08-3475-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lt. Curtis Bufford and Officer Kevin Williams, in their official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Corey Danyell Brown, #67998, | ) |
| | ) CIVIL ACTION NO. 9:08-3476-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lt. Curtis Bufford and Officer Kevin Williams, in their official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Willie Bright, #106222, | ) |
| | ) CIVIL ACTION NO. 9:08-3520-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Curtis Bufford and Kevin Williams, official and individual capacities, | ) |
| | ) |
| Defendants. | ) |



| | |
|---|---|
| Herbert Scott, Jr., #46068, | ) |
|     Plaintiff, | ) CIVIL ACTION NO. 9:08-3523-HMH-BM |
| v. | ) |
| Curtis Bufford and Harold Walker, official and individual capacities, | ) |
|     Defendants. | ) |

| | |
|---|---|
| Dennis Lavern Jacobs, #54591, | ) |
|     Plaintiff, | ) CIVIL ACTION NO. 9:08-3526-HMH-BM |
| v. | ) |
| Curtis Bufford and Kevin Williams, official and individual capacities, | ) |
|     Defendants. | ) |

These actions have been filed by the Plaintiffs, pro se, pursuant to 42 U.S.C. § 1983. By Order filed July 22, 2009, the above captioned cases were all consolidated and referred to the undersigned for pretrial handling. Upon review of the files, it is apparent that two of the listed Plaintiffs no longer have valid addresses, and should be dismissed from this lawsuit.

On July 23, 2009, an Order setting discovery and dispositive motion deadlines was entered and mailed to the parties. The copy of the Court's Order mailed to Plaintiff Willie Bright was returned to the Clerk of Court on July 31, 2009, with the envelope being marked "No longer at this address/return to sender." The Court notes that when Plaintiff Bright filed this action, he was



specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing**...if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

See Order filed October 28, 2008.

Plaintiff Bright has failed to comply with this order, and as a result the Court is unable to contact him concerning his case.

As for the Plaintiff Dennis Lavern Jacobs, a review of his docket shows that he has never received any materials mailed to him by the Court, as every mailing sent to him since Jacobs filed this case in October 2008 has been returned to the Court stamped "not Deliverable as Addressed - Unable to Forward."[1] Indeed, the file reflects that the Court has received no communication or inquiry from this Plaintiff whatsoever since the filing of this case over nine (9) months ago.

Based on the foregoing, it is recommended that Willie Bright and Dennis Jacobs be **dismissed**, **with prejudice**, as party Plaintiffs in this case in accordance with Rule 41(b), Fed.R.Civ.P. **The Clerk is directed to mail a copy of this Report and Recommendation to each of these Plaintiffs at their last known addresses. If the Plaintiffs notify the Court within the time set forth for filing objections to this Report and Recommendation that they wish to continue with this case and provide a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**

---

[1] Jacobs received the same address notice instructions as did Bright, but that order was returned as well.



If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 6, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 395
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

