IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jason Busby, #45926, | ) |
| | ) Civil Action Number: 9:08-3374-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Curtis Bufford, official and individual capacities, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Eric Anthony Brown, #74342, | ) Civil Action Number: 9:08-3473-HMH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lt. Curtis Bufford and Officer Kevin Williams, in their official and individual capacities, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Wilbert D. Guider, #110461, | ) Civil Action Number: 9:08-3474-HMH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Kevin Williams and Curtis Bufford, individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Donald Le'Shaun Parker, #58761, | ) |
| | ) Civil Action Number: 9:08-3475-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lt. Curtis Bufford and Kevin Williams, official and individual capacities | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| | ) Civil Action Number: 9:08-3476-HMH-BM |
| Corey Danyell Brown, #67998, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lt. Curtis Bufford and Kevin Williams, official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Herbert Scott, Jr., #46068, | ) |
| | ) Civil Action Number: 9:08-3523-HMH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Curtis Bufford and Harold Walker, official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Plaintiffs, state prisoners proceeding pro se, brought this action under 42 U.S.C. § 1983 alleging various violations to their civil rights. In his Report and Recommendation, Magistrate Judge Marchant recommends granting the Defendants' motion for summary judgment.

Jason Busby ("Busby") is the only Plaintiff that filed objections to the Report and Recommendation. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Busby's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Busby objects that there is a genuine issue of material fact regarding whether the Defendants were deliberately indifferent because there is no explanation for how the snake got onto Antonio Nelson's ("Nelson") food tray. (Objections 3-4.) "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates" that inmate's Fourteenth Amendment

rights.[1] Farmer v. Brennan, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.

In order to prove deliberate indifference to an inmate's security needs, a plaintiff must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (internal quotation marks omitted). In this case, the "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, a prison official must have a "sufficiently culpable state of mind." Id. (internal quotation marks omitted). A prison official is deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

---

[1] The Plaintiffs were pretrial detainees during the relevant time period. As such, their claims are examined under the Fourteenth Amendment. However, the Eighth Amendment applies to consideration of conditions of confinement for convicted persons. "Pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). Therefore, the standard for determining deliberate indifference under the Fourteenth Amendment or Eighth Amendment is basically the same. See Barber v. City of Salem, 953 F.2d 232, 235 (6th Cir.1992) (holding that "the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights" and utilizing the Eighth Amendment "deliberate indifference" in evaluating conduct toward pretrial detainee).

In the instant matter, there is no evidence that any official disregarded an excessive risk to health or safety. Nelson was viewed on a videotape in the recreational yard stomping on something on the ground. (Defs. Mem. Supp. Summ. J. Exs. (Jeanne Shull Aff., generally).) Subsequently, a small snake appeared in Nelson's grits on his tray. The snake did not appear to have been cooked and there was evidence that the snake had been crushed by something. (Id. Exs. (Curtis Bufford ("Bufford") Aff., generally).) In addition, Bufford attests that it was apparent that the snake had been placed into the tray after it was served. (Id. Exs. (Bufford Aff., generally).) More importantly, Busby did not have any snake in his tray and did not suffer any injury. Busby's conclusory allegations fail to raise a genuine issue of material fact. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation with respect to Busby.

In addition, the remaining Plaintiffs filed no objections to the Report and Recommendation. In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein.

5

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment in these consolidated actions is granted, and these cases are dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 24, 2010

**NOTICE OF RIGHT TO APPEAL**

The Plaintiffs are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.